ROBERT GORDON *vs.* INHABITANTS OF READFIELD.

*Soldier's bounty—recovery of.*

Where, under an article in the warrant for a town-meeting held in May, 1861, "to see what action the town will take relative to aiding the State in complying with the late requisition of the president of the United States, on the State of Maine, for men and means to suppress the rebellion," the town "voted that the soldiers from this town have five dollars per month added to the government pay,"—proof that the plaintiff entered the army Dec. 21, 1861, without evidence that he entered under the first call, will not entitle him to recover.

REPORT.

ASSUMPSIT on account annexed, and special counts for forty-four months' service in United States army, at $5 per month, from Dec. 21, 1861, to June 17, 1865, $220 ; and interest 2 years and 6 months, $33 ; and balance of $300 bounty, $100 = $353.

The remaining facts appear in the opinion.

*E. Kempton,* for the plaintiff.

*A. Libby,* for the defendants.

KENT, J. This is an action to recover five dollars a month for forty-four months' service as a soldier in the army. There is also on the account annexed a claim for "$200 balance of $300 bounty." There is no count in the declaration, except the one on account annexed, for the last item.

To sustain his action, the plaintiff must prove a contract or promise on the part of defendants. He relies upon a vote of the town on the 11th of May, 1861, under an article in the warrant, "to see what action the town would take relative to aiding the State in complying with the late requisition of the president of the United States on the State of Maine for men and means to suppress the rebellion."

The vote relied upon and recited in the declaration was in these

words:  "Voted, that the soldiers from this'town have five dollars per month added to the government pay."

We think it perfectly clear that the article in the warrant and the vote under it, had sole reference to the men who had or should enlist under the then late call of the president, which was for 75,000 men.   The plaintiff did not, on his own showing, enter the army until the 21st of December, 1861.   The burden of proof is on him to show that he did enter under the first call.   It is not enough to show that he was a soldier at some time during the war. The town did not pass a vote to cover all future time, and if they had passed such a vote, it would have exceeded 'its power, under the limited and restricted article in the warrant.

It is a part of public history, and well known to all, that a second call by the president of the United States for 400,000 men was made in July, 1861, before the enlistment of plaintiff.

But we place our decision of the case on the ground that the plaintiff has failed to show, as he was bound to do, that he entered the army under the first call, to which alone the action of the town could be applied.                         *Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, DICKERSON, BARROWS, and TAP-LEY, JJ., concurred.